UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ANGELA BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:07-CV-129 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| NATIONWIDE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Before this Court is Defendant Nationwide Mutual Fire Insurance Company's[1] (Defendant) motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Court File No. 2). In ruling on this motion, the Court has also considered Plaintiff Angela Burton's (Plaintiff) Response (Court File No. 4), and Defendant's Reply and Amended Statement of Undisputed Facts (Court File Nos. 5, 6).

In accordance with the following analysis, this Court will **GRANT** in part and will **DENY** in part Defendant's motion to dismiss (Court File No. 2). The Court will **GRANT** Defendant's motion to dismiss Plaintiff's claim seeking recovery of losses pursuant to her homeowners insurance policy with Defendant (Court File No. 1, Attachment 1, p. 6, ¶ 8). The Court will **DENY** Defendant's motion to dismiss Plaintiff's claim pursuant to Tenn. Code Ann. § 56-7-105 (Court File No. 1, Attachment 1, p. 6, ¶ 9). The Court will **DISMISS** with prejudice Plaintiff's claim under her

---

[1]Although Plaintiff and the style of this case identify Defendant as being Nationwide Insurance Company, in Defendant's motion to dismiss (Court File No. 1, ¶ 1), Defendant stated this identification was incorrect; Defendant is actually Nationwide Mutual Fire Insurance Company. Nationwide Insurance Company is not a legal entity, but Plaintiff did have a policy with Nationwide Mutual Fire Insurance Company (*id.*).

homeowners insurance policy and, no longer having jurisdiction pursuant to 28 U.S. § 1332(a)(1), will **REMAND** Plaintiff's case, consisting of her remaining Tenn. Code Ann. § 56-7-105 claim, to the Twelfth Judicial District of Tennessee, Circuit Court of Rhea County.

**I.     FACTS**

    **A.     Relevant Events**

Plaintiff Angela Burton ("Plaintiff") is a citizen and resident of Spring City, Tennessee (Court File No. 1, Attachment 1, ¶ 1). Defendant Nationwide Mutual Fire Insurance Company ("Defendant") is an Ohio corporation, with its home office in Columbus, Ohio (Court File No. 1, ¶ 5). Plaintiff sought recovery of $81,385 in addition to the costs of debris removal in her insurance claim (Court File No. 2, Attachment 5), and seeks penalties under Tenn. Code Ann. § 56-7-105 (Court File No. 1, Attachment 1, p. 6, ¶ 9).

On September 13, 2005, Plaintiff was issued a homeowners policy from Defendant to insure her dwelling and personal property at 15499 Rhea Co. Hwy, Spring City, TN 37381 (Court File No. 1, Attachment 2). The coverage also included insurance for the loss of use of that property (*id.*).

Plaintiff's property was damaged by fire on September 13, 2005 (Court File No. 2, Attachment 5). On the same day, Defendant sent a letter to Plaintiff, asking for a sworn proof of loss (*id.*, Attachment 4). Plaintiff filed a sworn proof of loss on November 8, 2005 (*id.,* Attachment 5). On January 9, 2006, Defendant sent a letter to Plaintiff requesting more information and informing her she would receive Defendant's decision on her claim shortly (Court File No. 4, Attachment 3, p. 3). Defendant denied the claim on June 21, 2006, concluding Plaintiff intentionally caused the fire and failed to provide the necessary records requested during Defendant's investigation (Court File No. 4, Attachment 3, p. 5).

Plaintiff, by way of counsel, sent a letter to Defendant on August 10, 2006, instructing Defendant he would file a lawsuit within thirty days if her claim was not paid (Court File No. 2, Attachment 6). On September 7, 2006, Defendant replied to Plaintiff's counsel, briefly providing the reasons for the denial, and offering to meet with counsel to explain the complexities of the matter (Court File No. 4, Attachment 5, p. 3).

Plaintiff filed this action in the Twelfth Judicial District of Tennessee, Circuit Court of Rhea County, on February 15, 2007 (Court File No. 1, Attachment 2). Defendant was served on May 8, 2007 (Court File No. 1, Attachment 1, p. 3). Defendant removed the action to this Court on June 6, 2007 based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) (Court File No. 1, ¶¶ 4-7).

**B. Relevant Provisions of the Homeowners Policy**

Plaintiff's Homeowners Policy included the following provisions:

> 3. Your Duties After Loss. . .In case of loss, you must: . . .d) submit to us, within 60 days after we request, your signed, sworn proof of loss . . .

Court File No. 1, Attachment 2, p. 18 (internal document notation E1).

> 5. Loss Payment. . .c)…Payment will be made within 60 days after we review your proof of loss and:
> (1) reach agreement with you; or
> (2) there is an entry of a final judgment; or
> (3) there is a filing of an appraisal award with us.

*Id.,* p. 19 (internal document notation E2).

> 8. Suit Against Us. No action can be brought against us unless there has been full compliance with the policy provisions. Any action must be started within one year after the date of loss or damage.

*Id.*, p. 20 (internal document notation E3).

## II. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original).

## III. DISCUSSION

### A. Contractual Statute of Limitations Period

In a diversity action, the district court applies the relevant state substantive law. *E.g. Hisrich v. Volvo Cars of N. Am., Inc.*, 226 F.3d 445, 449 (6th Cir. 2000) (*citing Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). There are several undisputed aspects of Tennessee law which provide the foundation for this Court's analysis. Under Tennessee law, an insurance policy can establish an enforceable, agreed-upon limitations period in which a lawsuit can be filed. *See, e.g.*, *Brick Church Transmission, Inc. v. Southern Pilot Ins. Co.*, 140 S.W. 324, 329 (Tenn. Ct. App. 2003), *citing Hill v. Home Ins. Co.*, 125 S.W.2d 189, 192 (Tenn. 1938), *and Guthrie v. Conn. Indem. Ass'n*, 49 S.W.

829, 830 (Tenn. 1899). Here, "[a]ny action must be started within one year after the date of loss or damage" (Court File No. 1, Attachment 2, p. 20 (E3)).

Due to specialized language often incorporated in insurance policies, the Tennessee courts have interpreted "within one year after the date of loss or damages" and similar language to mean after the date the insured's cause of action accrues. *E.g. Brick*, 140 S.W. at 329, *citing Boston Marine Ins. Co. v. Scales*, 49 S.W. 743, 747 (Tenn. 1899); *Das v. State Farm Fire and Casualty Co.*, 713 S.W.2d 318, 322 (Tenn. Ct. App. 1986). The accrual date varies depending upon the language of the policy and the actions of the insured and insurer in relation to that policy.

Policies often include language requiring a "proof of loss" to be filed. The "proof of loss," as here, requires details of the incident, the damage caused, interest held by other parties in the property, and other insurance potentially covering losses (Court File No. 1, Attachment 2, p. 19 (E2)).

If no proof of loss is filed, the insured's cause of action accrues when the insurer denies the claim. *Das*, 713 S.W.2d at 322-24, *Phoenix Ins. Co. v. Brown*, 381 S.W.2d 573, 575 (Tenn. Ct. App. 1964), *Gen. Housing Corp. v. U.S. Fire Ins. Co.*, 1990 WL 7452, at *2 (Tenn. Ct. App. Feb. 5, 1990). Plaintiff filed a proof of loss on November 8, 2005 (Court File No. 2, Attachment 5; Court File No. 4, Attachment 3, ¶ 3). Since the *Das-Phoenix* accrual date only applies when the insured does not file a proof of loss, it is inapplicable here.[2]

---

[2] Plaintiff argues *Das* and *Phoenix* is the governing law because the policies in those cases share the same or very similar language to the policy here, namely loss is payable within sixty days after proof of loss is received and an agreement, final judgment, or appraisal has been made. *Cf.* Court File No. 1, Attachment 2, p. 19 (E2), *with Das*, 713 S.W.2d at 323, *and Phoenix*, 381 S.W.2d at 574. This Court cannot agree. Both *Das* and *Phoenix* were decided based upon the absence of a proof of loss. *Das*, 713 S.W.2d at 322 ("Denial of liability terminated defendant's immunity from suit and on that date the right to sue accrued. Until that time plaintiffs could not know whether proof

5

When a proof of loss is filed, as here, "the contractual statute of limitations begins to run upon denial of liability or upon expiration of the immunity period, *whichever comes first*." *Certain Underwriter's at Lloyd's of London v. Transcarriers Inc.* ("*Lloyd's*"), 107 S.W.3d 496, 500 (Tenn. Ct. App. 2002), *perm. to appeal denied* February 24, 2003 (emphasis added); *Brick*, 140 S.W.3d at 330. Defendant denied Plaintiff's claim on June 21, 2006 (Court File No. 4, Attachment 3, p. 5), and Plaintiff filed her action in the Circuit Court of Rhea County on February 15, 2007 (Court File No. 1, Attachment 2). If the appropriate date of accrual is the date of denial of the claim, Plaintiff is not barred by the statute of limitations. However, the date of denial is only appropriate if it occurred prior to the expiration of the immunity period. *See Lloyd's*, 107 S.W.3d at 500; *Brick*, 140 S.W.3d at 330.

---

would be demanded.")(internal citation omitted); *Phoenix*, 381 S.W.2d at 575. As recognized in *Phoenix*, "the Company had sixty days after 'ascertainment of the loss' either by agreement or arbitration award filed with the Company within which to pay the loss. The loss was never so ascertained and it follows that the right of action did not accrue until the denial of liability. . ." 381 S.W.2d at 575. Without the "ascertainment of the loss" (i.e. "proof of loss"), there was no date on which the sixty day immunity period began. *Id.*

Here, Plaintiff filed a proof of loss (Court File No. 2, Attachment 5). In attempting to follow *Das* and *Phoenix*, Plaintiff argues the policy language gives Defendant sixty days after (1) proof of loss is filed *and* (2) an agreement, final judgment, or filing of an appraisal award is made (Court File No. 4, Attachment 1, p. 5). Since none of the contingencies in the second requirement was met, Plaintiff argues, Defendant's immunity period continued until it denied the claim on June 21, 2006 (*id.*).

That is not the law. Plaintiff's interpretation of the law would allow an insurer to receive a proof of loss, and then refrain from granting or denying the claim indefinitely. As a result, the insured's cause of action would never accrue under the policy because there was neither a denial, nor alternatively an agreement, final judgment, or appraisal award which would have started the sixty day period. Tennessee law has not created such an absurdity. *See Brick*, 140 S.W.3d at 330 ("To require denial of a claim before a cause [of] action could accrue would permit the insurer to merely sit on a claim and do nothing.") Instead, the insured are given two options: wait until the insurer denies the claim, or file a proof of loss, thus forcing the insurer to make a decision within the contracted-for period, i.e. sixty days. If the insurer fails to make such a determination within that period, the insured has a right to sue. *See, e.g., Brick*, 140 S.W.3d at 330; *Lloyd's*, 107 S.W.3d at 499-500; *Hill*, 125 S.W.2d at 192.

An "immunity period" (or "settlement period") is a contractually-created period of time during which an insurer is immune from litigation while it investigates, evaluates, and may negotiate to settle the claim. *See, e.g., Brick*, 140 S.W.3d at 329 ("All adjusted claims shall be paid or made good to the Insured within sixty (60) days after presentation and acceptance of satisfactory proof of interest and loss at the office of the Company."); *Lloyd's*, 107 S.W.3d at 498 ("All adjusted claims shall be paid or made good to the Insured within sixty (60) days after presentation and acceptance of satisfactory proof of interest and loss at the office of the Company."); *Hill*, 125 S.W.2d at 192 ("[P]rovisions for notice and proofs of loss to be furnished by the insured to the insurer within sixty days from the date of the loss, which, in effect, afforded the insurer immunity from suit for such period of sixty days. . ."). Here, the policy creates a similar provision under "5. Loss Payment," i.e. "c)…Payment will be made within 60 days after we review your proof of loss and: (1) reach agreement with you; or (2) there is an entry of a final judgment; or (3) there is a filing of an appraisal award with us" (Court File No. 1, Attachment 2, p. 19 (E2)).[3]

---

[3] Plaintiff argues the policy language in *Lloyd's* is materially distinct from the language here (Court File No. 4, Attachment 1, p. 6); *cf.* Court File No. 1, Attachment 2, p. 19, *with* 107 S.W.3d at 498. However, the same ambiguity Plaintiff raises in the policy language here exists in *Lloyd's* and *Brick*. In those cases, the insurer must pay within sixty days after "presentation and acceptance of satisfactory proof of interest and loss." *Id.* Thus, the sixty day period would not begin until the insurer received *satisfactory* proof; if the insurer lacked "satisfactory proof" to grant the claim, rather than deny the claim, the insurer would be wise to do nothing. The insured's cause of action would never accrue, because there would never be a denial and the sixty day period would never begin (without "satisfactory proof"), and thus would never end. This is the same anomaly created by Plaintiff's application of *Das* and *Phoenix* (footnote 2). Again, Tennessee law avoids this absurdity; the insured can file a proof of loss and compel the insurer to either make a determination within sixty days, or face the threat of litigation. *See, e.g., Brick*, 140 S.W.3d at 330; *Lloyd's*, 107 S.W.3d at 499-500; *Hill*, 125 S.W.2d at 192.

Even construing the policy language more favorably to Plaintiff, the immunity period ended at the latest on January 12, 2006.[4] Defendant requested a proof of loss on September 13, 2005 (Court File No. 2, Attachment 4). Although Plaintiff provided the proof of loss earlier (*id.*, Attachment 5), she had until November 13, 2005 to submit it (Court File No. 1, Attachment 2, p. 18 (E1)). Defendant then had sixty days, until January 12, 2006, to make a determination (*id.*, p. 19 (E2)). On that day, the immunity period ended and Plaintiff's cause of action accrued. *See Brick*, 140 S.W.3d at 330 (action accrued at the end of the sixty day immunity period, where insurance company failed to pay or deny Plaintiff's claim during that period); *Lloyd's*, 107 S.W.3d at 500.

As previously stated, "the contractual statute of limitations begins to run upon denial of liability or upon expiration of the immunity period, *whichever comes first.*" *Lloyd's*, 107 S.W.3d at 500 (emphasis added); *Brick*, 140 S.W.3d at 330. Here, the immunity period expired, at the latest, on January 12, 2006, and Defendant denied the claim on June 21, 2006 (Court File No. 4, Attachment 3, p. 5). Therefore, Plaintiff's accrual date began on January 12, 2006, and the statute of limitations permitted filing until January 12, 2007. Since Plaintiff's filed on February 15, 2007 (Court File No. 1, Attachment 1), her action is barred by the contractual statute of limitations.

**B.     Estoppel**

Plaintiff argues equitable estoppel may prevent Defendant from asserting a statute of limitations defense, because Defendant (1) did not inform Plaintiff her claim might be denied in a

---

[4] Although the Court uses the January 12, 2006 date in its primary analysis, the relevant contractual provision is vague: "Payment will be made within 60 days after we *review* your proof of loss. . ." (Court File No. 1, Attachment 2, p. 18 (E1)(emphasis added)). There is no explanation as to whether "review" begins immediately upon receipt of the proof of loss, or whether it could occur at some point after receipt. If the sixty-day review began on the date Plaintiff provided the proof of loss, i.e. November 8, 2005, the statute of limitations would have expired five days earlier, on January 7, 2007; the difference would not affect the Court's decision.

8

letter dated January 9, 2005, and (2) offered to meet with Plaintiff's attorney to discuss the details of its grounds for denying the case in a letter dated September 7, 2006 (Court File No. 4, pp. 6-7). Plaintiff contends these actions lulled her into not taking legal action against Defendant within the contracted-for limitations period (*id.*). If equitable estoppel were warranted, Plaintiff would be given "a reasonable opportunity to bring suit," not "an additional year for suit after the termination of the renewed investigation and/or discussion." *Das*, 713 S.W.2d at 324.

Defendant's January 9, 2006 letter to Plaintiff cannot provide estoppel to make Plaintiff's cause of action timely. Depending upon how one calculates the limitations period, the letter was sent either during the settlement period (ending on January 12, 2006), or shortly after it ended (on January 7, 2006) (*see* footnote 4). The letter informs Plaintiff she "should be receiving a decision on [her] claim shortly" (Court File No. 4, Attachment 3, p. 3). Plaintiff's claim was subsequently denied on June 21, 2006 (*id.*, p. 5). Anything in the January 9, 2006 letter which might have encouraged Plaintiff to delay filing a timely lawsuit by January 12, 2007 was superceded by the denial letter.

Defendant's September 7, 2006 letter cannot support a viable claim of estoppel (Court File No. 4, Attachment 5, p. 3). First, Plaintiff alleges the letter implies Defendant was still investigating and holding discussions regarding the claim (Court File No. 4, p. 7). The language of the letter does not support such a reading. At all times, it refers to the investigation in the past tense. For instance, "In furtherance of [the] investigation various documents *were* requested of your client. . . . The information requested *was* very material to the investigation we *were* undertaking and *was* necessary to clear up some inconsistencies. . ." (Court File No. 4, Exhibit 3, p. 3)(emphasis added). Also, Defendant's offer to meet with Plaintiff's attorney is written in the language of courtesy, offering

9

to explain the complexities of the denial, particularly in light of Plaintiff having claimed four fire losses in five years, and two within ten months (*id.*). Defendant made no offer to discuss settlement or reconsider the denial (*id.*).

Second, even if the September 7, 2006 letter warranted estoppel, Plaintiff would only have a "reasonable opportunity" to file her claim, not a full year from the date of the letter. *See Das*, 713 S.W.2d at 324. Plaintiff did not file for over five months after the letter, and did not further communicate with Defendant until filing the lawsuit on February 15, 2007 (Court File No. 5, Defendant's Reply, pp. 7-8). Plaintiff has not provided any explanation for this five month delay. *Cf. Das*, 713 S.W.2d at 324 (refusing to grant estoppel because the insured failed to explain an eight month delay in filing after the final act in question).[5] Under these circumstances, a "reasonable opportunity" to file would have fallen short of five months.

In light of the above analysis, this Court will **DENY** Plaintiff's request to toll the statute of limitations in equity.

### C. Bad Faith Refusal to Pay, Tenn. Code Ann. § 56-7-105

Plaintiff alleges violation of Tenn. Code Ann. § 56-7-105 (Court File No. 1, Attachment 1, p. 6, ¶ 9). Section 56-7-105 is a penalty statute, allowing an insured to recover when his insurer does not pay the claim within sixty days after the demand is made. *See, e.g., Ginn v. Am. Heritage*

---

[5] In *Das*, the insurer and insured had agreed to a third engineering evaluation to determine whether the damage to the insured's home was caused by nearby blasting or ground water, the latter not covered by the policy. *Id.* at 321. The *Das* court opined if the third engineering report was pending when the limitations period had expired, it might have inferred the insured was induced to refrain from filing suit, and given the insured a reasonable opportunity to file. *Id.* at 323-24. However, the third engineering report was finished seven months and twenty-two days before the end of the limitations period. *Id.* at 324. Since the record before the *Das* court provided no circumstances justifying the nearly eight month delay in filing, the insured was barred from litigating its claim. *Id.*

*Life Ins. Co.*, 173 S.W.3d 433, 442-43 (Tenn. Ct. App. 2005), *perm. to appeal denied*, August 22, 2005. "In order to recover bad faith penalties under [Tenn. Code Ann. § 56-7-105], a plaintiff must prove: (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days), and (4) the refusal to pay must not have been in good faith." *Ginn*, 173 S.W.3d at 443; *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 378 (6th Cir. 2007), *reh'g and reh'g en banc denied*, July 12, 2007. "The bad faith penalty is not recoverable in every refusal of an insurance company to pay a loss. An insurance company is entitled to rely upon available defenses and refuse payment if there is substantial legal grounds that the policy does not afford coverage for the alleged loss. If an insurance company unsuccessfully asserts a defense and the defense was made in good faith, the statute does not permit the imposing of the bad faith penalty." *Sisk v. Valley Forge Ins. Co.*, 640 S.W.2d 844 (Tenn. Ct. App. 1982), *citing Nelms v. Tenn. Farmers Mut. Ins. Co.*, 613 S.W.2d 481, 484 (Tenn. Ct. App. 1978). If successful, the plaintiff is permitted an award up to twenty-five percent of the liability of the loss. Tenn. Code Ann. § 56-7-105(a).

Although Defendant moves this Court to dismiss Plaintiff's entire case, Defendant has failed to address Plaintiff's claim under Tenn. Code Ann. § 56-7-105. The Court declines to consider the merits of this claim; Defendant has not provided the Court with factual and/or legal grounds to support its position, and Plaintiff thus has not been given the opportunity to respond to those grounds. Since Defendant has failed to support its motion to dismiss Plaintiff's claim pursuant to Tenn. Code Ann. § 56-7-105, the Court will **DENY** Defendant's motion to dismiss Plaintiff's Tenn. Code Ann. § 56-7-105 claim.

**D.     Diversity Jurisdiction**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiff is a citizen of Tennessee (Court File No. 1, Attachment 1, ¶ 1) and Defendant is a corporation with its home office in Ohio (Court File No. 1, ¶ 5). Recovery for Plaintiff's first claim, based upon her homeowners insurance policy, is $81,385 in addition to the costs of debris removal (Court File No. 2, Attachment 5). Therefore, this Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332(a).

However, this Court dismisses Plaintiff's first claim. To retain jurisdiction, the value of Plaintiff's remaining Tenn. Code Ann. § 56-7-105 claim must exceed $75,000. 28 U.S.C. § 1332(a). Plaintiff's potential recovery for her second claim, under Tenn. Code Ann. § 56-7-105, is no more than twenty-five percent of the liability of the insured loss, resulting here in a maximum recovery of approximately $20,000.[6] Since this no longer satisfies the requirements of diversity jurisdiction, this Court no longer has jurisdiction over Plaintiff's remaining claim. Therefore, this Court will **REMAND** the case to the Twelfth Judicial District of Tennessee, Circuit Court of Rhea County.

---

[6] There were no facts put before the Court to instruct it as to the amount sought for debris removal, nor did the Court have occasion to fully analyze whether debris removal would have been recoverable under the policy at issue. Regardless, to satisfy the $75,000 requirement for this Court to retain jurisdiction, Plaintiff's claim would have to be over $300,000. This Court cannot assume, without clear proof, debris removal would have been recoverable and cost almost $220,000.

## IV. CONCLUSION

For the foregoing reasons, this Court will **GRANT** in part and will **DENY** in part Defendant's motion to dismiss. The Court will **GRANT** Defendant's motion to dismiss Plaintiff's claim seeking recovery of losses pursuant to her homeowners insurance policy with Defendant, as Plaintiff's filing is barred under the contractual statute of limitations. The Court will **DISMISS** with prejudice Plaintiff's claim under her homeowners insurance policy with Defendant. The Court will **DENY** Defendant's motion to dismiss Plaintiff's claim pursuant to Tenn. Code Ann. § 56-7-105, as Defendant has failed to provide factual or legal support for its motion to dismiss the claim. As this Court no longer has jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1), the Court will **REMAND** Plaintiff's case, consisting of her remaining Tenn. Code Ann. § 56-7-105 claim, to the Twelfth Judicial District of Tennessee, Circuit Court of Rhea County.

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**